IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARVIN B. DAVIS, JR.,**

           **Petitioner,**

    v.                                                                                          **CASE NO. 19-3250-SAC**

**JEFF ZMUDA,**

           **Respondent.**

**MEMORANDUM AND ORDER**

    This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by Mr. Davis while he was an inmate at the Lansing Correctional Facility in Lansing, Kansas. Petitioner disputes the computation and execution of his state sentences. Mr. Davis notified the Court on January 7, 2020, that he had been released.

    Section 2241 provides that the federal writ of habeas corpus "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws ... of the United States." 28 U.S.C. § 2241(c)(3). Although Mr. Davis is no longer in prison, the "in custody" requirement of § 2241 is satisfied because he filed his habeas application while he was incarcerated. *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Riley v. INS,* 310 F.3d 1253, 1256 (10th Cir. 2002). However, the "more substantial question" is whether Petitioner's release from prison moots his petition because the Court is no longer presented with a case or controversy as required under Article III of the Constitution. *Spencer,* 523 U.S. at 7.

    The Tenth Circuit has held that

1

> [m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction. This requirement exists at all stages of federal judicial proceedings, and it is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome.

*McClendon v. City of Albuquerque,* 100 F.3d 863, 867 (10th Cir. 1996) (citation omitted). Since a federal court has no authority to give opinions upon moot questions, if an event occurs during the pendency of a case that makes it impossible for the court to grant any effectual relief, the case must be dismissed. *See Church of Scientology of California v. United States,* 506 U.S. 9, 12 (1992).

When a prisoner has been released from custody while his or her habeas petition is pending, the Court's jurisdiction depends upon the existence of "collateral consequence[s] of the conviction" adequate to meet Article III's injury-in-fact requirement. *Spencer,* 523 U.S. at 7, 14 (internal quotation marks omitted). In other words, the petitioner must demonstrate "some concrete and continuing injury." *Id.* at 7; *see, e.g., Carafas v. LaVallee,* 391 U.S. 234, 237-38 (1968).

In his petition, Mr. Davis has not identified any collateral consequences associated with his previous incarceration. Petitioner does not attack his criminal convictions, but merely alleges that his sentences were unlawfully computed. *See Spencer,* 523 U.S. at 8 (noting a "willing[ness] to presume that a wrongful criminal conviction has continuing collateral consequences"). Since Mr. Davis has been released from custody, he has already received his requested relief, and it appears there is "nothing for [the Court] to remedy." *Id.* at 18.

Because it appears Petitioner's "release from detention moots his challenge to the legality of his [imprisonment]," *Riley,* 310 F.3d at 1257, he is directed to show cause why his petition should not be dismissed.

**Motion to proceed in forma pauperis (ECF No. 3)**

The Court finds Petitioner has paid the filing fee.  Therefore, the motion is denied as moot.

**Motion for Expedited Hearing and Decision (ECF No. 6)**

This motion is also denied as moot given Petitioner's release from custody.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **May 15, 2020**, to show cause why this matter should not be dismissed as moot.  The failure to file a response may result in the dismissal of this matter without additional prior notice.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (ECF No. 3) is **denied** as moot.

**IT IS FURTHER ORDERED** that Petitioner's motion for expedited hearing and decision (ECF No. 6) is **denied** as moot.

**IT IS SO ORDERED.**

DATED:  This 15th day of April, 2020, at Topeka, Kansas.

s/ Sam A. Crow\_\_\_\_\_
**SAM A. CROW**
**U.S. Senior District Judge**